UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.M.T., | CASE NO. C24-0344JLR |
| Plaintiff, | ORDER |
| v. | |
| ALEJANDRO MAYORKAS, et al., | |
| Defendants. | |

Before the court is Plaintiff G.M.T.'s motion to proceed under pseudonym and for a protective order requiring Defendants to maintain his confidentiality in all filings and public proceedings. (Mot. (Dkt. # 2).)  Defendants, who are officials of the United States Department of Homeland Security, have not yet appeared in this action and have not responded to the motion. (*See generally* Dkt.)  The court has reviewed the motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Plaintiff's motion without prejudice to Defendants opposing anonymity later in these proceedings.

ORDER - 1

1          Plaintiff is an Ethiopian national whose I-589 Application for Asylum and
2   Withholding of Removal has been pending with the United States Citizenship and
3   Immigrations Services ("USCIS") since July 2016.  (Compl. (Dkt. # 1) ¶¶ 2-3.)  Plaintiff
4   represents that he left Ethiopia to seek asylum in the United States because his life was in
5   danger if he remained in Ethiopia "due to [his] work as Deputy Consul General for the
6   Ethiopian consulate, [his] political opinions, and [his] support of opposition parties."
7   (G.M.T. Decl. (Dkt. # 1-3) ¶¶ 2-3; *see also id.* ¶¶ 4-6 (explaining Plaintiff's family's fear
8   of deportation and belief that asylum will enable them to live in safety).)  He seeks a writ
9   of mandamus directing Defendants to schedule his asylum interview and adjudicate his
10  asylum application.  (Compl. at 8.)

11         Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff must name all
12  of the parties in the title of the complaint.  *See* Fed. R. Civ. P. 10(a).  A party is permitted
13  to use pseudonyms in a civil action, however, if "the party's need for anonymity
14  outweighs prejudice to the opposing party and the public's interest in knowing the party's
15  identity."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir.
16  2000) (internal citations omitted).  The court should "determine the need for anonymity
17  by evaluating the following factors:  (1) the severity of the threatened harm; (2) the
18  reasonableness of the anonymous party's fears; and (3) the anonymous party's
19  vulnerability to such retaliation." *Id.* (internal citations omitted).  The court must also
20  determine the precise prejudice at each stage of the proceedings to the opposing party,
21  whether the proceedings may be structured so as to mitigate that prejudice, and whether
22

the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id.* (citations omitted).

"[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) (citing *Does I thru XXIII*, 214 F.3d at 1063 (considering possible retaliation by the Chinese government against Chinese national plaintiffs residing in Saipan and their family members residing in China as supporting the use of pseudonyms)). Courts in this Circuit have regularly granted plaintiffs leave to file pseudonymously in cases relating to asylum proceedings. *See, e.g.*, *Doe v. U.S. Citizenship & Immigr. Servs.*, No. 1:21-cv-00576-NONE-SAB, 2021 WL 1907562, at *4 (E.D. Cal. May 12, 2021) (citing *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *8 (S.D. Cal. Dec. 20, 2017); *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. C11-2108RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012).

Having reviewed the record before it, the court concludes that the severity of potential harm, the reasonableness of Plaintiff's fears, Plaintiff's vulnerability to retaliation, the potential prejudice to Defendants, and the public interest, the court concludes that Plaintiff's need for anonymity outweighs countervailing considerations at this early stage of the proceedings. Accordingly, the court grants Plaintiff's motion to proceed under pseudonym and for a protective order (Dkt. # 2). The court will revisit the issue if, at a later stage of the proceedings, Defendants so move. *See Does I thru XXIII*, 214 F.3d at 1069 (recognizing "that the balance between a party's need for anonymity

1 | and the interests weighing in favor of open judicial proceedings may change as the
2 | litigation progresses"); *Al Otro Lado, Inc.*, 2017 WL 6541446, at *8 (noting that
3 | defendants may challenge party anonymity "at a later stage of the proceedings").

    Dated this 29th day of April, 2024.

                                                          /s/ James L. Robart

                                                          JAMES L. ROBART
                                                          United States District Judge